**Petition for Writ of Mandamus Denied and Memorandum Opinion filed October 13, 2020.**



In The

# Fourteenth Court of Appeals

---

**NO. 14-20-00603-CV**

---

**IN RE CHRISTOPHER DUPUY, Relator**

---

**ORIGINAL PROCEEDING**
**WRIT OF MANDAMUS**
**333rd District Court**
**Harris County, Texas**
**Trial Court Cause No. 2019-89958**

---

## MEMORANDUM OPINION

On September 1, 2020, relator Christopher Dupuy filed a petition for writ of mandamus in this court. *See* Tex. Gov't Code § 22.221; *see also* Tex. R. App. P. 52. In the petition, relator asks this court to compel the Honorable Daryl Moore, presiding judge of the 333rd District Court of Harris County, to vacate (1) his February 24, 2020 order denying relator's motion for default judgment and (2) his

June 20, 2020 order denying relator's motion to compel responses to discovery requests. Real party-in-interest is Heather Williams.

## MANDAMUS STANDARD

To obtain mandamus relief, a relator generally must show both that the trial court clearly abused its discretion and that the relator has no adequate remedy at law, such as an appeal. *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135–36 (Tex. 2004) (orig. proceeding); *In re Garza*, 544 S.W.3d 836, 840 (Tex. 2018) (orig. proceeding) (per curiam).

## DENIAL OF THE MOTION FOR DEFAULT JUDGMENT

"Mandamus review is not available for an order that sets aside a default judgment when there has been no jury trial." *In re Diogu*, No. 14-16-00373-CV, 2016 WL 3131524, at *1 (Tex. App.—Houston [14th Dist.] June 2, 2016, orig. proceeding) (mem. op.). If mandamus review is not available for an order that sets aside a default judgment, it logically follows that mandamus review is not available for an order denying a motion for default judgment. Such was the holding of the Dallas Court of Appeals, with which we agree. *See In re Ralston Outdoor Advert. Ltd*, No. 05-15-01527-CV, 2016 WL 462571, at *1 (Tex. App.—Dallas Feb. 5, 2016, orig. proceeding) (mem. op.) (denying petition to vacate order denying motion for default judgment because relator has an adequate remedy by appeal after final judgment). Therefore, relator is not entitled to mandamus relief for his complaint regarding the trial court's denial of his motion for default judgment because he has an adequate remedy for any error by appeal after final judgment. We deny that portion of the petition for writ of mandamus.

2

**DENIAL OF THE MOTION TO COMPEL DISCOVERY RESPONSES**

Relator served Williams with discovery requests including a request for disclosures, interrogatories, and requests for production of documents. After the date for Williams to respond under the Texas Rules of Civil Procedure had passed, relator filed a motion asking the trial court to compel Williams to fully respond to these discovery requests. On June 15, 2020, the trial court signed an order denying the motion to compel.

After relator filed his petition for writ of mandamus, the trial court signed an order on September 10, 2020, denying Williams's motion for sanctions and granting Williams until October 9, 2020, to file discovery responses. This order effectively requires Williams to file discovery responses by October 9, 2020, and therefore renders moot relator's complaint that the trial court abused its discretion by denying his motion to compel. There no longer is a live controversy regarding the denial of the motion to compel because Williams has been ordered to file discovery responses. The court does not decide moot issues. *See Klein v. Hernandez*, 315 S.W.3d 1, 3 (Tex. 2010). Accordingly, we dismiss as moot the part of the petition for writ of mandamus in which relator challenges the trial court's denial of his motion to compel.


PER CURIAM

Panel consists of Chief Justice Frost and Justices Wise and Bourliot.

3